## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:19-cv-03496-WJM-MEH**

**Email on Acid, LLC,**

> **Plaintiff,**

**v.**

**250ok, Inc.**

> **Defendant.**

---

## DEFENDANT 250OK, INC.'S ANSWER

---

Defendant 250ok, Inc. ("250ok"), by and through its undersigned counsel, hereby answers Plaintiff's Complaint.  Any allegation not expressly admitted is denied.  All responses herein are based on information known to 250ok as of the date hereof, and 250ok reserves the right to supplement or amend its responses based on new information.

## INTRODUCTION[1]

1.      250ok lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 1 of the Complaint, and therefore denies the same.  250ok denies the remaining allegations in Paragraph 1 of the Complaint.

---

[1] The Complaint contains numerous headings and subheadings that are not part of a numbered paragraph.  250ok is not required to respond to such headings, because they are not factual allegations.  To the extent any of these headings are allegations to which a response is required, they are denied.

## PARTIES

2.      250ok admits the allegations in Paragraph 2 of the Complaint.

3.      250ok admits that it is a corporation incorporated under the laws of Delaware. 250ok further admits that prior to incorporation in Delaware, 250ok was a limited liability company organized under the laws of Indiana.  250ok further admits the allegations in the third sentence of Paragraph 3 of the Complaint.  250ok denies the remaining allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      250ok admits that jurisdiction in this Court is proper.  250ok states that the License Agreement referenced and quoted in Paragraph 4 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.

5.      250ok admits that venue in this Court is proper.  250ok states that the License Agreement referenced in Paragraph 5 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.  250ok lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint, and therefore denies the same

## GENERAL ALLEGATIONS

6.      250ok lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies the same.

7.      250ok admits that Plaintiff provides a service that allows marketers to preview how their emails will look on certain email platforms.  250ok lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint, and therefore denies the same.

8.      250ok lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore denies the same.

9.      250ok admits the allegations in Paragraph 9 of the Complaint.

10.     250ok admits that, in 2015, it licensed Plaintiff's product that allows marketers to preview how their emails will look on certain email platforms.  250ok further admits the allegations in the second and third sentences of Paragraph 10 of the Complaint.  250ok denies the remaining allegations in Paragraph 10 of the Complaint.

11.     250ok states that the License Agreement referenced in Paragraph 11 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.  250ok lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint, and therefore denies the same.

12.     250ok states that the License Agreement referenced and quoted in Paragraph 12 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.

13.     250ok states that the License Agreement referenced and quoted in Paragraph 13 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.

14.     250ok states that the License Agreement referenced in Paragraph 14 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.  Whether the License Agreement is "valid and enforceable" is a conclusion of law, to which no response is required.  To the extent a response is required, 250ok denies that all provisions of the License Agreement are valid and enforceable.

15.     250ok lacks knowledge or information sufficient to form a belief as to whether Plaintiff fully performed its obligations under the License Agreement, and therefore denies the same.  250ok denies the remaining allegations in Paragraph 15 of the Complaint.

16.     250ok admits that Mr. Kraios and Mr. Thies had one or more phone calls in early 2018.  250ok further states that the License Agreement referenced in Paragraph 16 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.  250ok denies the remaining allegations in Paragraph 16 of the Complaint.

17.     250ok admits that Mr. Kraios met in person with Mr. Thies at the Email Innovations Summit in Las Vegas, Nevada, in May 2018.  250ok denies the remaining allegations in Paragraph 17 of the Complaint.

18.     250ok admits that Mr. Kraios met in person with Mr. Thies at a conference in Amsterdam in June 2018.  250ok denies the remaining allegations in Paragraph 18 of the Complaint.

19.     250ok states that the License Agreement referenced in Paragraph 19 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.  250ok lacks knowledge or information sufficient to form a belief as to what Plaintiff believed, and therefore denies the same.  250ok denies the remaining allegations in Paragraph 19 of the Complaint.

20.     250ok admits that it licensed Plaintiff's product pursuant to the License Agreement, which speaks for itself.  250ok denies the remaining allegations in Paragraph 20 of the Complaint.

21.     250ok lacks knowledge or information sufficient to form a belief as to when Plaintiff became aware of the advertisement referenced in Paragraph 21 of the Complaint, and

therefore denies the same. 250ok denies the remaining allegations in Paragraph 21 of the Complaint.

22.     250ok lacks knowledge or information sufficient to form a belief as to when Plaintiff became aware of the website depiction referenced in Paragraph 22 of the Complaint, and therefore denies the same. 250ok admits that it has offered an email rendering service powered by Litmus at various times both before and during the term of the License Agreement. 250ok further admits that it independently developed an email rendering service. 250ok denies the remaining allegations in Paragraph 22 of the Complaint.

23.     250ok denies the allegations in Paragraph 23 of the Complaint.

24.     250ok denies the allegations in Paragraph 24 of the Complaint.

25.     250ok denies the allegations in Paragraph 25 of the Complaint.

26.     250ok denies the allegations in Paragraph 26 of the Complaint.

27.     250ok denies the allegations in Paragraph 27 of the Complaint.

28.     250ok lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies the same.

29.     250ok states that the License Agreement referenced in Paragraph 29 of the Complaint speaks for itself, and denies any characterization inconsistent therewith. 250ok lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint, and therefore denies the same.

30.     250ok states that the License Agreement referenced in Paragraph 30 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.

31.     250ok denies the allegations in the final sentence of Paragraph 31 of the Complaint. 250ok lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Complaint, and therefore denies the same.

32.     250ok denies the allegations in Paragraph 32 of the Complaint.

33.     250ok denies the allegations in Paragraph 33 of the Complaint.

34.     250ok states that the email referenced in Paragraph 34 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.  250ok admits that Plaintiff provided notice of termination of the License Agreement on July 2, 2019, which became effective August 1, 2019.  250ok denies the remaining allegations in Paragraph 34 of the Complaint, and expressly denies that it has breached the License Agreement or misappropriated any trade secrets.

35.     250ok states that the email referenced in Paragraph 35 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.  250ok denies the remaining allegations in Paragraph 35 of the Complaint.

36.     250ok denies the allegations in Paragraph 36 of the Complaint.

## FIRST CLAIM FOR RELIEF

37.     250ok incorporates its answers to Paragraphs 1–36 above as if fully set forth herein.

38.     250ok admits that it entered into the License Agreement referenced in Paragraph 38 of the Complaint on August 3, 2015.  Whether the License Agreement is "valid and enforceable" is a conclusion of law, to which no response is required.  To the extent a response is required, 250ok denies that all provisions of the License Agreement are valid and enforceable.

39.     250ok lacks knowledge or information sufficient to form a belief as to whether Plaintiff fully performed its obligations under the License Agreement as referenced in Paragraph 39 of the Complaint, and therefore denies the same.

40.     250ok states that the License Agreement referenced in Paragraph 40 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.

41.     250ok denies the allegations in Paragraph 41 of the Complaint.

42.     250ok denies the allegations in Paragraph 42 of the Complaint.

43.     250ok denies the allegations in Paragraph 43 of the Complaint.

44.     250ok states that the License Agreement quoted in Paragraph 44 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.   250ok admits that Plaintiff terminated the License Agreement, effective August 1, 2019.  250ok denies the remaining allegations in Paragraph 44 of the Complaint.

45.     250ok states that the License Agreement quoted in Paragraph 45 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.

46.     250ok states that the License Agreement quoted in Paragraph 46 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.

47.     250ok states that the License Agreement quoted in Paragraph 47 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.

48.     250ok states that the License Agreement quoted in Paragraph 48 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.

49.     250ok states that the License Agreement quoted in Paragraph 49 of the Complaint speaks for itself, and denies any characterization inconsistent therewith.

50.     250ok denies the allegations in Paragraph 50 of the Complaint.

51.     250ok denies the allegations in Paragraph 51 of the Complaint.

52.     250ok denies the allegations in Paragraph 52 of the Complaint.

## SECOND CLAIM FOR RELIEF

53.     250ok incorporates its answers to Paragraphs 1–52 above as if fully set forth herein.

54.     250ok denies the allegations in Paragraph 54 of the Complaint.

55.     250ok denies the allegations in Paragraph 55 of the Complaint.

56.     250ok denies the allegations in Paragraph 56 of the Complaint.

57.     250ok admits that Plaintiff seeks equitable relief.  250ok denies the remaining allegations in Paragraph 57 of the Complaint.

## THIRD CLAIM FOR RELIEF

58.     250ok incorporates its answers to Paragraphs 1–57 above as if fully set forth herein.

59.     250ok denies the allegations in Paragraph 59 of the Complaint.

60.     250ok denies the allegations in Paragraph 60 of the Complaint.

61.     250ok lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint, and therefore denies the same.

62.     250ok lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and therefore denies the same.

63.     250ok denies the allegations in Paragraph 63 of the Complaint.

64.     250ok denies the allegations in Paragraph 64 of the Complaint.

65.     250ok denies the allegations in Paragraph 65 of the Complaint.

66.     250ok denies the allegations in Paragraph 66 of the Complaint.

## PRAYER FOR RELIEF

250ok denies that Plaintiff is entitled to any relief in this case, including all damages and relief identified in the WHEREFORE paragraphs of the Complaint.

## GENERAL DENIAL

250ok denies all allegations of the Complaint, including any allegation in the prayer for relief, not specifically admitted herein.

## JURY DEMAND

Pursuant to Rule 28 of the Federal Rules of Civil Procedure, 250ok demands a trial by jury on all issues so triable raised by the pleadings in this action.

## AFFIRMATIVE DEFENSES

250ok sets forth the following affirmative defenses.  250ok does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden.  250ok reserves the right to assert additional affirmative defenses to Plaintiff's claims as further investigation and discovery warrant.

1.      Plaintiff has failed to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred by the doctrine of estoppel.

3.      Plaintiff's claims are barred by the doctrine of laches.

4.      Plaintiff's claims are barred by the doctrine of waiver.

5.      Plaintiff's claims are barred or otherwise released under the terms of the License Agreement.

6.      Plaintiff's claims are barred in whole or in part because the alleged damages and losses, if any, were not caused by 250ok.

7.     Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate its alleged damages, if any.

Respectfully submitted this 8th day of January, 2020.

**DAVIS GRAHAM & STUBBS LLP**

*s/ Michiko A. Brown*
Michiko A. Brown
Emily L. Wasserman
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone:     303.892.9400
Facsimile:     303.893.1379
Email: miko.brown@dgslaw.com
         emily.wasserman@dgslaw.com

**MORRIS MANNING & MARTIN, LLP**

Eric A. Larson
1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, Georgia  30326
Telephone:     (404) 495-3618
Facsimile:     (404) 365-9532
Email:  elarson@mmmlaw.com

*Attorneys for Defendant 250ok, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 8th day of January, 2020 the foregoing **DEFENDANT 250OK,**

**INC.'S ANSWER** was filed and served via CM/ECF on the following:

Zachary C. Garthe
Reid J. Allred
CAMBRIDGE LAW LLC
4610 S. Ulster St. Suite 150
Denver, CO 80237
zac@cambridgelawcolorado.com
reid@cambridgelawcolorado.com

*Attorneys for Plaintiff*

*s/ Melissa Kemp*