**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-03496-WJM-MEH

EMAIL ON ACID, LLC,

    Plaintiff,

v.

250ok, INC., formerly 250ok LLC,

    Defendant.

## STIPULATED PROTECTIVE ORDER

The parties have agreed to the terms of this stipulated protective order (the "**Order**"). The Court, having reviewed the agreed order and being satisfied that it is appropriate under applicable law, orders as follows:

**1. Purposes and Limitations.**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Order.

**2. Definitions.**

The following definitions apply to this Order:

A. "Action" means *Email on Acid, LLC v. 250ok, Inc.*., Civil Action No. 19-cv-03496-WJM-MEH pending in United States District Court for the District of Colorado.

B. "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Order.

C. "CONFIDENTIAL INFORMATION" means business, financial, personal and proprietary information that is not generally known to the public and that the "Producing Party" or the "Designating Party" would normally maintain in confidence and not reveal to the general

1

    public and that is designated as "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Any information that is derived from CONFIDENTIAL INFORMATION also constitutes CONFIDENTIAL INFORMATION to the extent the derived information embodies, contains, or discloses any CONFIDENTIAL INFORMATION. The attorneys each agree not to designate material as CONFIDENTIAL INFORMATION unless he or she is satisfied that they can demonstrate good faith reasons for treating the information in this fashion.

D. "Counsel" means outside counsel retained by a Party (as well as their support staff, including but not limited to, paralegals, secretaries, and law clerks).

E. "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

F. "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

G. "Expert" means a person who a Party or counsel believes to have specialized knowledge or experience in a matter pertinent to the Action, along with his or her support personnel, who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee of a Party, or of a Party's competitor; and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

H. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" means information, items, and tangible things that, in the good faith judgment of the Designating Party, that contain such sensitive, non-public, and confidential information that the Designating Party believes in good faith cannot be disclosed without threat of personal, commercial, property, or competitive injury, because such information contains private, proprietary, or commercially sensitive information. This designation is to be used sparingly.

I. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

J. "Party" means any party to this Action, including all of a corporate party's officers, directors, employees, and Counsel (and their support staffs).

K. "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

L. "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, forensic investigation, and imaging, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

M. "Protected Material" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

N. "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. Scope.**

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

The protections conferred by this Order, however, do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure thereto or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**4. Duration.**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court rules otherwise. Final disposition will be deemed to be the latter of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, and reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. Designating Protected Material.**

5.1. **Exercise of Restraint and Care in Designating Material for Protection**. If it comes to a Designating Party's attention that information or items that it designated for protection do not

qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.    **Manner and Timing of Designations**. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

> 5.2.1. <u>for information in documentary form</u> (e.g., paper or electronic documents, excluding transcripts of depositions or hearing proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page of each document that contains protected material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page of each document that contains Protected Material whenever possible. If it is not possible to mark each page of an electronic record, for example, the Designating Party must otherwise

clearly and unambiguously designate the electronic file with the appropriate designation.

5.2.2. <u>for testimony given in a deposition or in hearing proceedings</u>, the Designating Party may designate any portion of the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" either on the record (before the deposition, hearing, or other proceeding is concluded) or in writing up to 20 days after the final transcript is received. Only those portions of the testimony that are appropriately designated for protection within the 20 days will be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 20 days after receipt of the final transcript, that the entire transcript will be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Reasonable extensions to the 20-day designation period may be granted upon agreement among the parties, and agreement shall not be unreasonably withheld. Prior to the expiration of the 20-day or extended period for designation, any transcript will be treated as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript will be treated only as actually designated. The use of a document as an exhibit at a deposition will not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Transcripts containing Protected Material must have an obvious legend on the title page that the transcript contains Protected Material, and the title page will be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the

        level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

    5.2.3. <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3. **Inadvertent Failure to Designate**. If a Producing Party inadvertently discloses to a Receiving Party any document, thing, or information containing information that the Producing Party deems CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY' EYES ONLY without designating it as such, the Producing Party shall promptly upon discovery of such inadvertent disclosure inform the Receiving Party in writing and the Receiving Party shall thereafter treat the document, thing, or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as applicable, under this Order. To the extent such document, thing, or information may have been disclosed to persons other than authorized persons described in this Order, the Receiving Party shall notify the Designating Party and make every reasonable effort to retrieve the document, thing, or information promptly from such persons and to prevent any further disclosure to unauthorized persons.

**6. Challenging Confidentiality Designations.**

6.1. **Timing of Challenges**. A Receiving Party may challenge a designation of confidentiality at any stage of these proceedings up until the dispositive motion deadline. The Receiving Party objecting to such designation must notify, in writing, Counsel for the Producing Party of the objected-to designation and the grounds for the objection. The Parties shall attempt to resolve each challenge in good faith. If the dispute is not resolved consensually between the Parties

within twenty-one (21) days of receipt of such a notice of objections or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, the Producing Party shall request a conference with the Court pursuant to Magistrate Judge Hegarty's practice standards § 3.C.  The Disclosure or Discovery Materials at issue must be treated in accordance with the manner in which they have been designated by the Producing Party until the Court has ruled on the objection or the matter has been otherwise resolved.  The Producing Party shall have the burden of establishing the propriety of the designation and the burden shall be on the Receiving Party to prove the grounds for any exceptions.

**7. Access to and Use of Protected Material.**

    7.1.    **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 (Final Disposition), below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2.    **Access to and use of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        7.2.1.   any Party's Counsel;

        7.2.2.   the Receiving Party, including current or former officers, directors, and employees (and their counsel, including in-house legal counsel) of the Receiving Party to whom

disclosure is reasonably necessary for the prosecution or defense of this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.2.3. Experts of the Receiving Party to whom disclosure is reasonably necessary for the prosecution or defense of this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.2.4. the Court and its personnel;

7.2.5. court reporters and their staff;

7.2.6. professional trial consultants and Professional Vendors to whom disclosure is reasonably necessary for the prosecution or defense of this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.2.7. during their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

7.2.8. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.2.9. the author, recipient, or sender of an item designated "CONFIDENTIAL" , if such disclosure is reasonably necessary for prosecution or defense of this Action, provided that they have also signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and provided the person is not permitted to retain the item designated "CONFIDENTIAL" outside of the presence of Counsel; and

7.2.10. any other person with the prior written consent of the Designating Party or by Order of the Court.

7.3. **Access to and use of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

7.3.1. the Receiving Party's Counsel;

7.3.2. Experts to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), subject to the requirements of Section 7.4;

7.3.3. the Court and its personnel;

7.3.4. court reporters and their staff;

7.3.5. professional trial consultants and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.3.6. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.3.7. the author, recipient, or sender of an item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", if such disclosure is reasonably necessary for prosecution or defense of this Action, provided that they have also signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and provided the person

        is not permitted to retain the item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" outside of the presence of Counsel; and

    7.3.8.  any other person with the prior written consent of the Designating Party or by Order of the Court.

  7.4.  If any party wishes to file transcripts of depositions, answers to interrogatories or requests for admission, motions, briefs or other pleadings (a "Filing") that include CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY INFORMATION, the party or parties shall provide notice to the other party or parties and the parties shall meet and confer regarding whether such information can be publicly filed and whether any concerns could be remedied by redacting confidential information. If the parties do not agree, the pleadings or other papers shall be filed with the Clerk of the Court pursuant D.C.COLO.LCivR 7.2 as a "restricted document"—access limited to the parties and the Court for fourteen (14) days—with simultaneous service of a copy of the Filing to counsel for the parties in this action via the CM/ECF system. Thereafter, within the time provided by D.C.COLO.LCivR 7.2, a Designating Party may file a motion pursuant to D.C.COLO.LCivR 7.2 to restrict access directed to the Filing. For purposes of use at trial, the parties may remove the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" labels from the CONFIDENTIAL INFORMATION; provided, however, that those materials shall not thereby lose their status as CONFIDENTIAL INFORMATION.

**8. Protected Material Subpoenaed or Ordered Produced in Other Litigation.**

  8.1.  If a Receiving Party is served with a subpoena, discovery request, or court order issued in other litigation or government proceeding that compels disclosure of any Protected Material the Receiving Party shall:

      8.1.1.  promptly notify in writing the Designating Party and provide a copy of the discovery request, subpoena, or court order;

      8.1.2.  promptly notify in writing the party who caused the subpoena, discovery request, or order to issue in the other litigation or government proceeding that some or all of the material covered by the subpoena or order is subject to this Order. Such notification must include a copy of this Order; and

      8.1.3.  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

    8.2.  If the Designating Party timely seeks a protective order, the Party served with the subpoena, discovery request, or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court or government proceeding of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A Non-Party's Protected Material Sought to be Produced in this Action.**

The terms of this Order are applicable to Protected Material produced by a Non-Party in this Action. Such Protected Material produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**10. Unauthorized Disclosure of Protected Material.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party shall immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b)

use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. Inadvertent Production of Privileged Material.**

11.1. A Party's inadvertent production of Disclosure or Discovery Material protected by the attorney-client privilege, work-product protection, or any other applicable privilege or protection does not waive the applicable privilege and/or protection if a notice and request for return of such inadvertently produced Disclosure or Discovery Material is made promptly after the Party learns of its inadvertent production.

11.2. Upon such notice and request from any Producing Party, each Receiving Party shall immediately return to the Producing Party or destroy within five days such privileged Disclosure or Discovery Material and all copies. Notwithstanding the foregoing, to the extent the Receiving Party intends to challenge the designation of the material as set forth below, the Receiving Party may retain a copy of the Disclosure or Discovery Material, provided it is sequestered and not used for any purpose other than for submission to the Court pursuant to Section 7.4 above.

11.3. Within 14 days of the Producing Party's notice and request for the return and/or destruction of privileged Disclosure or Discovery Material, the Producing Party shall provide a privilege log with entries for the inadvertently produced document(s). The return of inadvertently produced material will not preclude a Receiving Party from challenging the designation of the material. If a dispute arises concerning the privileged nature of the document(s) demanded or returned, the Parties shall meet and confer in good faith in an effort to resolve the dispute. If the Parties are unable to resolve the dispute, the Receiving Party may file a motion to compel the production of such document(s). In the event of such a motion to compel, the Producing Party shall

have the burden to demonstrate the claimed privilege, work product protection, or other protection. And in no case will the return of any demanded document be delayed or refused by reason of a Party's objection to the demand or by the filing of a motion to compel, except as specified in this Section 11. The Parties further agree that the Receiving Party will not use or refer to any information contained within the document(s) at issue, including in deposition or at the hearing or in court filing, other than the briefing of a motion to compel, unless and until such a motion to compel production of that document is granted by the Court, except as such information may appear in any applicable privilege log. If the motion to compel is denied, within five days the Receiving Party shall immediately return to the Producing Party or destroy such sequestered privileged Disclosure or Discovery Material and all copies.

**12. Miscellaneous.**

12.1. **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2. **Use of Producing Party's Own Documents**. Nothing in this Order shall limit any Producing Party's use of its own documents or prevent any Producing Party from disclosing its own Protected Material to any person.

12.3. **Right to Assert Other Objections**. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.4. **Binding Upon Successors**. This Order will be binding upon the Parties to the Action and signatories to the "Acknowledgment and Agreement to Be Bound" (Exhibit A), including their successor(s) and assigns, and their respective attorneys, agents, representatives, officers, and employees.

12.5.   **Additional or Substituted Party**. In the event that a new Party is added, substituted, or otherwise brought into the Action, this Order will be binding on and inure to the benefit of the new Party, subject to the right of the new Party to seek relief from or modification of this Order.

12.6.   **Modification**. By written agreement of the Parties, or upon motion and order of the Court, the terms of this Order may be amended or modified.

12.7.   **Survival**. This Order will survive the final disposition of the Action.

12.8.   **Photocopies**. A legible photocopy of a document may be used as the "original" for all purposes in these Proceedings unless under the circumstances it would be unfair to admit the duplicate in lieu of the original (*see* Fed. R. Evid. 1003).

**13. Final Disposition.**

Within 120 days after the final disposition of this Action, as defined in Section 4 (Duration), and only upon written request from the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 120-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain copies of all pleadings, motion papers, deposition and hearing transcripts, legal memoranda, correspondence, deposition and hearing exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. This Order will not be construed

to cause any Counsel to produce, return, and/or destroy their own attorney work-product or the work product of their co-counsel. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (Duration).

**IT IS SO ORDERED.**

Entered and dated at Denver, Colorado, this 24th day of April, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

**IT IS SO STIPULATED.**

Dated in Denver, Colorado this the 23rd day of April, 2020.

| **Cambridge Law LLC** | **Davis Graham & Stubbs LLP** |
|---|---|
| *s/ Zachary C. Garthe* | *s/ Michiko A. Brown* |
| Zachary C. Garthe | Michiko A. Brown |
| Reid J. Allred | Emily L. Wasserman |
| 4610 South Ulster Street, Suite 150 | 1550 17th Street, Suite 500 |
| Denver, CO 80237 | Denver, CO 80202 |
| zac@cambridgelawcolorado.com | miko.brown@dgslaw.com |
| reid@cambridgelawcolorado.com | emily.wasserman@dgslaw.com |
| | |
| *Attorneys for Plaintiff* | **Nixon Peabody LLP** |
| | |
| | *s/ Matthew T. McLaughlin* |
| | Matthew T. McLaughlin |
| | Kacey Houston Walker |
| | Exchange Place |
| | 53 State Street |
| | Boston, MA 02109 |
| | mmclaughlin@nixonpeabody.com |
| | kwalker@nixonpeabody.com |
| | |
| | *Attorneys for Defendant* |

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____(name), of _____ (address) declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order issued by the United States District Court for the District of Colorado in the case *Email on Acid, LLC v. 250ok, Inc..*, Civil Action No. 19-cv-03496-WJM-MEH, on _____. I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____