IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:19-cv-03496-WJM-MEH

Email on Acid, LLC,

       Plaintiff,

v.

250ok, Inc., and Validity, Inc.,

       Defendants.

---

**DEFENDANT VALIDITY, INC.'S ANSWER TO
PLAINTIFF EMAIL ON ACID, LLC'S
FIRST AMENDED COMPLAINT**

---

Defendant Validity, Inc. ("Validity"), by and through its undersigned counsel, hereby answers the First Amended Complaint ("Amended Complaint") of plaintiff Email on Acid, LLC ("Plaintiff").  Any allegation not expressly admitted is denied.  All responses herein are based on information known to Validity as of the date hereof, and Validity reserves the right to supplement or amend its responses based on new information.

**INTRODUCTION**[1]

1.     Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 1 of the Amended Complaint, and

---

[1] The Amended Complaint contains numerous headings and subheadings that are not part of a numbered paragraph and do not constitute allegations of fact, and therefore require no response. To the extent that a response is deemed required, Validity denies any and all allegations contained in the headings and subheadings of the Amended Complaint.

therefore denies the same. Validity denies the remaining allegations in Paragraph 1 of the Amended Complaint.

## PARTIES

2. Validity admits the allegations in Paragraph 2 of the Amended Complaint, upon information and belief.

3. The allegations contained in Paragraph 3 of the Amended Complaint are directed to another defendant and therefore require no response from Validity.

4. Validity admits that it is a corporation organized under the laws of the State of Delaware and that it maintains its principal place of business at 200 Clarendon Street, Floor 22, Boston, Massachusetts 02116-5021. Validity further admits that it is registered to do business in the State of Colorado and that it maintains an office at 8001 Arista Place, Suite 300, Broomfield, Colorado, 80021. Validity denies the remaining allegations in Paragraph 4 of the Amended Complaint.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Amended Complaint contains legal conclusions to which no response is required.

6. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint because Validity was not a party to any action filed by Plaintiff in Colorado State Court and was not a party to the contract referenced and quoted in Paragraph 6 of the Amended Complaint, which contract speaks for itself.

7. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint because Validity was not a

party to this action at the time that it was removed to this Court. The remaining allegations of Paragraph 7 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required, Validity denies the allegations in Paragraph 7 of the Amended Complaint.

8. Paragraph 8 of the Amended Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Validity denies the allegations in Paragraph 8 of the Amended Complaint.

## FACTUAL ALLEGATIONS

9. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint, and therefore denies the same.

10. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint, and therefore denies the same.

11. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Amended Complaint, and therefore denies the same.

12. Validity admits the allegations in Paragraph 12 of the Amended Complaint.

13. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint, and therefore denies the same.

14. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint, and therefore denies the same.

15. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint, and therefore denies the same.

16. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint, and therefore denies the same.

17. Paragraph 17 of the Amended Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Amended Complaint, and therefore denies the same.

18. Paragraph 18 of the Amended Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint, and therefore denies the same.

19. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint, and therefore denies the same.

20. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint, and therefore denies the same.

21. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint, and therefore denies the same.

22. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint, and therefore denies the same.

23. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint, and therefore denies the same.

24. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint, and therefore denies the same.

25. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint, and therefore denies the same.

26. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Amended Complaint, and therefore denies the same.

27. Paragraph 27 of the Amended Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint, and therefore denies the same.

28. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint, and therefore denies the same.

29. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Amended Complaint, and therefore denies the same.

30. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Amended Complaint, and therefore denies the same.

31. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint, and therefore denies the same.

32. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint, and therefore denies the same.

33. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint, and therefore denies the same.

34. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint, and therefore denies the same.

35. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Amended Complaint, and therefore denies the same.

36. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Amended Complaint, and therefore denies the same.

37. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Amended Complaint, and therefore denies the same.

38. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Amended Complaint, and therefore denies the same.

39. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Amended Complaint, and therefore denies the same.

40. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Amended Complaint, and therefore denies the same.

41. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Amended Complaint, and therefore denies the same.

42. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 42 of the Amended Complaint, and therefore denies the same. Validity admits that it acquired 250ok, Inc. ("250ok"), in March 2020, and that some former employees of 250ok were hired by Validity. Validity denies the remaining allegations in Paragraph 42 of the Amended Complaint.

43. Validity admits that 250ok disclosed to Validity the fact and subject matter of the instant litigation during negotiations regarding Validity's acquisition of 250ok, but denies the remaining allegations in Paragraph 43 of the Amended Complaint.

44. Validity denies the allegations in Paragraph 44 of the Amended Complaint.

**FIRST CLAIM FOR RELIEF**
**Breach of Contract against 250ok**
**(Breach of the License Agreement)**

45. Validity incorporates its answers to Paragraphs 1–44 above as if fully set forth herein.

46. The allegations contained in Paragraph 46 of the Amended Complaint are directed to another defendant and therefore require no response from Validity. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Amended Complaint, and therefore denies the same.

47. The allegations contained in Paragraph 47 of the Amended Complaint are directed to another defendant and therefore require no response from Validity. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Amended Complaint, and therefore denies the same.

48. The allegations contained in Paragraph 48 of the Amended Complaint are directed to another defendant and therefore require no response from Validity. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Amended Complaint, and therefore denies the same.

49. The allegations contained in Paragraph 49 of the Amended Complaint are directed to another defendant and therefore require no response from Validity. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Amended Complaint, and therefore denies the same.

50. The allegations contained in Paragraph 50 of the Amended Complaint are directed to another defendant and therefore require no response from Validity. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Amended Complaint, and therefore denies the same.

51. The allegations contained in Paragraph 51 of the Amended Complaint are directed to another defendant and therefore require no response from Validity. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Amended Complaint, and therefore denies the same.

52. The allegations contained in Paragraph 52 of the Amended Complaint are directed to another defendant and therefore require no response from Validity. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Amended Complaint, and therefore denies the same.

53. The allegations contained in Paragraph 53 of the Amended Complaint are directed to another defendant and therefore require no response from Validity. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Amended Complaint, and therefore denies the same.

54. The allegations contained in Paragraph 54 of the Amended Complaint are directed to another defendant and therefore require no response from Validity. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Amended Complaint, and therefore denies the same.

55. The allegations contained in Paragraph 55 of the Amended Complaint are directed to another defendant and therefore require no response from Validity. To the extent that a response

is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Amended Complaint, and therefore denies the same.

56. The allegations contained in Paragraph 56 of the Amended Complaint are directed to another defendant and therefore require no response from Validity. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Amended Complaint, and therefore denies the same.

57. The allegations contained in Paragraph 57 of the Amended Complaint are directed to another defendant and therefore require no response from Validity. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Amended Complaint, and therefore denies the same.

58. The allegations contained in Paragraph 58 of the Amended Complaint are directed to another defendant and therefore require no response from Validity. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Amended Complaint, and therefore denies the same.

59. The allegations contained in Paragraph 59 of the Amended Complaint are directed to another defendant and therefore require no response from Validity. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Amended Complaint, and therefore denies the same.

60. The allegations contained in Paragraph 60 of the Amended Complaint are directed to another defendant and therefore require no response from Validity. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Amended Complaint, and therefore denies the same.

**SECOND CLAIM FOR RELIEF**
**Unjust Enrichment of 250ok and Validity**
**(Brought against 250ok in the Alternative to the First Claim for Relief)**

61. Validity incorporates its answers to Paragraphs 1–60 above as if fully set forth herein.

62. The allegations contained in Paragraph 62 of the Amended Complaint are directed to another defendant and therefore require no response from Validity. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Amended Complaint, and therefore denies the same.

63. The allegations contained in Paragraph 63 of the Amended Complaint are directed to another defendant and therefore require no response from Validity. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Amended Complaint, and therefore denies the same.

64. Validity denies the allegations in Paragraph 64 of the Amended Complaint.

65. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 65 of the Amended Complaint, and therefore denies the same. Validity admits that it previously acquired Return Path, Inc., which developed and sold a platform providing email deliverability and optimization services, and denies the remaining allegations in Paragraph 65 of the Amended Complaint.

66. Validity admits that Plaintiff seeks equitable relief. Validity denies the remaining allegations in Paragraph 66 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF
### Misappropriation of Trade Secret by 250ok and Validity
**(Violation of Colorado Uniform Trade Secrets Act, C.R.S. § 7-74-101 *et seq.*)**

67. Validity incorporates its answers to Paragraphs 1–66 above as if fully set forth herein.

68. Validity denies the allegations in Paragraph 68 of the Amended Complaint.

69. Validity denies the allegations in Paragraph 69 of the Amended Complaint.

70. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Amended Complaint, and therefore denies the same.

71. Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Amended Complaint, and therefore denies the same.

72. Validity denies the allegations in Paragraph 72 of the Amended Complaint.

73. Validity denies the allegations in Paragraph 73 of the Amended Complaint.

74. The allegations in Paragraph 74 are directed to another defendant and therefore do not require a response from Validity. To the extent that a response is deemed required, Validity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Amended Complaint, and therefore denies the same.

75. Validity admits that 250ok disclosed to Validity the fact and subject matter of this lawsuit before Validity's acquisition of 250ok in March 2020 but denies the remaining allegations in Paragraph 75 of the Amended Complaint.

76. Validity denies the allegations in Paragraph 76 of the Amended Complaint.

## PRAYER FOR RELIEF

Validity denies that Plaintiff is entitled to any relief in this case, including all damages and relief identified in the WHEREFORE paragraphs of the Amended Complaint.

## GENERAL DENIAL

Validity denies all allegations of the Amended Complaint, including any allegation in the prayer for relief, not specifically admitted herein.

## JURY DEMAND

Pursuant to Rule 28 of the Federal Rules of Civil Procedure, Validity demands a trial by jury on all issues so triable raised by the pleadings in this action.

## DEFENSES

Validity sets forth the following defenses. Validity does not hereby assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden. Validity reserves the right to assert additional defenses to Plaintiff's claims as further investigation and discovery warrant.

1. Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff's claims are not based on trade secrets subject to the protection of the Colorado Uniform Trade Secrets Act, C.R.S. § 7-74-101 *et seq.*

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

6. Plaintiff's claims are barred, in whole or in part, because the alleged damages and

losses, if any, were not caused by Validity.

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate its alleged damages, if any.

8. To the extent that Plaintiff's claims against Validity are based in whole or in part on any right or obligation arising under the License Agreement described in the Amended Complaint, Validity was not a party to the License Agreement and has not assumed any obligations arising thereunder.

9. To the extent that Plaintiff's claims against Validity are based in whole or in part on any right or obligation arising under the License Agreement described in the Amended Complaint, Plaintiff's claims are barred or otherwise released under the terms of the License Agreement.

10. To the extent that Plaintiff's claims against Validity are based in whole or in part on any right or obligation arising under the License Agreement described in the Amended Complaint, the License Agreement is unenforceable, in whole or in part, on the ground or to the extent that it unreasonably restricts competition or restrains trade.

Respectfully submitted this 12th day of April, 2021.

[Signature page follows.]

**VALIDITY, INC.,**

By its attorneys,

 *s/ Matthew T. McLaughlin*
Matthew T. McLaughlin
Kacey Houston Walker
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA  02109-2835
Tel: (617) 345-1000
Fax: (617) 345-1300
Email:  mmclaughlin@nixonpeabody.com
             kwalker@nixonpeabody.com

Kenzo S. Kawanabe
Emily L. Wasserman
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Tel:  303-892-9400
Fax:  303-893-1379
Email:   kenzo.kawanabe@dgslaw.com
              emily.wasserman@dgslaw.com

*Attorneys for Defendant Validity, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of April, 2021, the foregoing **DEFENDANT VALIDITY, INC.'S ANSWER TO PLAINTIFF EMAIL ON ACID, LLC'S FIRST AMENDED COMPLAINT** was filed and served via CM/ECF on the following:

Zachary C. Garthe
Reid J. Allred
CAMBRIDGE LAW LLC
4610 S. Ulster St., Suite 150
Denver, CO 80237
zac@cambridgelawcolorado.com
reid@cambridgelawcolorado.com

*Attorneys for Plaintiff*

> *s/ Matthew T. McLaughlin*
> Matthew T. McLaughlin