IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03496-RMR-KLM

Email on Acid, LLC,

        Plaintiff,

v.

250ok, Inc., and Validity, Inc.,

        Defendants.

### PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF MATTHEW T. MCLAUGHLIN

Pursuant to the Colorado Dispute Resolution Act, Colo. Rev. Stat. § 13-22-307, plaintiff Email on Acid, LLC ("Email on Acid" or "Plaintiff") hereby moves to strike paragraphs 5 through 14 of the Declaration of Matthew T. McLaughlin (ECF No. 121-1), submitted by defendants 250ok, Inc. ("250ok") and Validity, Inc. ("Validity," and together with 250ok, "Defendants") in support of Defendants' Motion to Enforce Settlement Agreement ("Motion to Enforce").

**PRELIMINARY STATEMENT**

On September 7, 2022 Plaintiff and Defendants participated in a mediated settlement conference with Magistrate Judge Hegarty. The parties failed to reach a settlement. The settlement conference concluded without any signed settlement agreement or signed term sheet. Indeed, there isn't even an unsigned draft settlement agreement or term sheet – because the parties simply did not get that far during the unsuccessful settlement conference.

Nevertheless, Defendants have filed the Motion to Enforce. In support of their Motion to Enforce, Defendants rely exclusively on a declaration from their litigation counsel Matthew T.

1

McLaughlin ("McLaughlin Declaration"). Indeed, the McLaughlin Declaration is the exclusive source of evidence cited in the Motion to Enforce for Defendants' contention that there is a binding settlement agreement capable of enforcement by this Court. Paragraphs 5 through 13 of the McLaughlin Declaration, describing confidential mediation communications that occurred during the September 7, 2022 mediated settlement conference with Judge Hegarty, are plainly inadmissible under the Colorado Dispute Resolution Act ("CDRA"). Paragraph 14 of the McLaughlin Declaration, describing part of a conversation that occurred amongst counsel on September 13, 2022 and referring to confidential mediation communications, is likewise inadmissible under the CDRA and case law applying it. Accordingly, Plaintiff hereby moves to strike paragraph 5 through 14 of the McLaughlin Declaration.

## BACKGROUND FACTS

Plaintiff Email on Acid has asserted intellectual property and contractual claims against its former licensee, 250ok, after 250ok breached the parties' license agreement and misappropriated trade secrets. *See* Complaint, ECF No. 6 (Dec. 11, 2019); Amended Complaint, ECF No. 61 (Oct. 28, 2020). After over two years of litigation, the parties agreed to discuss the possibility of settlement with the assistance of a mediator. On July 21, 2022, Judge Hegarty scheduled the Settlement Conference to be held on September 7, 2022, with each party to submit settlement proposals to opposing counsel and to Judge Hegarty. Minute Order, ECF No. 117, at 1-2 (July 21, 2022). Each party was also required to submit confidential comments directly to Judge Hegarty, without sending to opposing counsel. *Id.* at 2.

The mediated settlement conference occurred on September 7, 2022. There is no written record of the discussions or any agreements made during the Settlement Conference. On

September 12, 2022, a Minute Entry ordered the parties to "discuss whether a settlement was reached and, if so, shall draft appropriate language effectuating it." *See* ECF No. 118 (Sept. 12, 2022). The following day, Judge Hegarty recused himself from this action due to his "involvement in conducting that Settlement Conference and in the interest of avoiding any appearance of impropriety." *See* ECF No. 119 (Sept. 13, 2022). Also on September 13, 2022, Plaintiff's counsel and Defendants' counsel conferred by telephone as directed by Judge Hegarty.

On October 19, 2022, Defendants filed their Motion to Enforce. The only purported evidence supporting that motion is the McLaughlin Declaration. *See* ECF No. 121 (Motion To Enforce); ECF No. 121-1 (McLaughlin Declaration).

## **LEGAL STANDARD**

The Colorado Dispute Resolution Act (the "CDRA") "protects as confidential those communications made in the presence or at the behest of the mediator." Colo. Rev. Stat. § 13-22-307. Mediation communications cover "any oral or written communication" expressed in the course of a mediation proceeding aside from a final, fully executed written agreement. *Tuscany Custom Homes, LLC v. Westover*, 490 P.3d 1039, 1042 (Colo. Ct. App. 2020) (citing to Colo. Rev. Stat. § 13-22-302). This Court applies the CDRA to settlement conferences in which negotiations take place "through the mediation assistance of the court." *GSL of ILL, LLC v. Kroskob*, 11-CV-00939-WYD-KMT, 2012 WL 10311, at *3-4 (D. Colo. Jan. 3, 2012). Under the CDRA, confidential communications may not be considered by a court in determining whether parties have entered into a settlement agreement. *See, e.g., Tuscany Custom Homes*, 490 P.3d at 1044 ("Any mediation communication that is disclosed in violation of [the CDRA] shall not be admitted into evidence in any judicial or administrative proceeding."); *Yaekle v. Andrews*, 195 P.3d 1101,

3

1106 (Colo. 2008) ("[P]rotected mediation communications are generally inadmissible as evidence in later judicial proceedings.").

## ARGUMENT

Paragraphs 5 through 13 of the McLaughlin Declaration are inadmissible under the CDRA and should be excluded. Section 13-22-307 of the CDRA, "which renders a mediation communication generally inadmissible in a judicial proceeding . . . applies to a mediation communication as well as to evidence that discloses information concerning a mediation communication." *Tuscany Custom Homes*, 490 P.3d at 1042. A party is prohibited from "voluntarily disclos[ing] any information concerning a mediation communication" unless "an exception, such as written consent to disclosure from all parties and the mediator, applie[s]." *Id.* at 1047-48.

Here, paragraphs 5 through 13 of the McLaughlin Declaration improperly disclose mediation communications that took place at the September 7, 2022 settlement conference with Judge Hegarty:

- Paragraph 5 discusses a purported mediator's proposal;
- Paragraph 6 discusses the purported payment terms;
- Paragraphs 7 and 8 discuss the scope of purported releases;
- Paragraph 9 discusses purported dismissal of the litigation; and
- Paragraphs 10 through 13 discuss what Defendants characterize as "an additional term" and discussions with Judge Hegarty regarding that additional term.

All of this is plainly inadmissible under the CDRA. *See, e.g., Tuscany Custom Homes*, 490 P.3d at 1046 (excluding from evidence a mediator's email summarizing mediation discussions); *id.* at

4

1049 (excluding from evidence email correspondence following the mediator's email); *id.* at 1047-48 (excluding from evidence an unsigned draft agreement created at the mediation); *Yaekle*, 195 P.3d at 1110 (excluding from evidence unsigned documents created one month after the mediation where those documents were created at the request of the mediator); *id.* at 1112 (excluding from evidence an alleged agreement where unsigned and where no indication existed as to finality of the document). None of these mediation communications is memorialized in a "fully executed" signed document, as required by "the 'final written document' exception to mediation communications." *Id.* at 1110 (Colo. 2008) (citing to Colo. Rev. Stat. §§ 13-22-302(2.5), 13-22-307(2)). A draft written agreement created at the request of a mediator constitutes a confidential mediation communication. *Tuscany Custom Homes*, 490 P.3d at 1047. Further, "statements forming [an] oral agreement allegedly reached during the mediation" are inadmissible unless the parties have communicated "mutual assent" to the terms. *Id.* However, mutual assent must be demonstrated through evidence that is not inadmissible, such as a signed and executed document. *See id.* at 1047-48 (concluding that the evidence as to the alleged oral agreement, including a draft written agreement memorializing the terms, were inadmissible as mediation communications where the only discussion and drafting occurred at the mediation itself).

Paragraph 14 of the McLaughlin Declaration also is inadmissible under the CDRA and should be excluded. While "post-mediation documents and communications" may be used "to prove the existence of an agreement formed outside a mediation proceeding," they may not be used as a magic wand that removes the protection as to confidential mediation communications. *Tuscany Custom Homes*, 490 P.3d at 1048 (citing *Yaekle*, 195 P.3d at 1110-11). As one Colorado court made clear, this type of evidence must be "inadmissible under the statute . . . Otherwise, a

party—after going through a mediation proceeding—could write down oral communications made during the mediation, not seek any other party's written assent to the document, and then submit the document as evidence of an agreement reached at the mediation, claiming that it is not a protected mediation communication because it was not written in the mediator's presence or at the mediator's behest." *Tuscany Custom Homes*, 490 P.3d at 1048.  Defendants' weak attempt to introduce confidential mediation communications by repeating their desired settlement terms, outside of the presence of the mediator, several days after the Settlement Conference, cannot be used as a backdoor to introduce otherwise inadmissible evidence, *i.e.*, what was discussed at the September 7, 2022 mediated settlement conference.

In sum, paragraph 5 through 14 of the McLaughlin Declaration improperly reveal confidential mediation communications that are inadmissible under the CDRA and case law applying the CDRA.  Defendants have provided no evidence that any statutory exception, *e.g.*, written consent to disclosure from all parties and the mediator, applies to authorize the disclosures in the McLaughlin Declaration.

## **CONCLUSION**

Plaintiff respectfully requests that the Court strike paragraph 5 through 14 of the October 19, 2022 Declaration of Matthew T. McLaughlin.

Dated: November 9, 2022

                    Respectfully submitted,

                    **Email on Acid, LLC,**

                    By its attorneys,

                    *s/ Brett Schuman*
                    Brett Schuman
                    GOODWIN PROCTER LLP
                    San Francisco, CA 94111
                    Telephone:  (415) 733-6000
                    Fax:  (415) 390-7967
                    E-mail:  BSchuman@goodwinlaw.com

                    *Attorney for Plaintiff Email on Acid, LLC*

**CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1(a)**

The undersigned hereby certifies that Plaintiff's counsel has conferred with counsel for Defendants regarding the relief requested in this motion. The parties were unable to reach agreement.

Dated: November 9, 2022

By: *s/ Brett Schuman*
Brett Schuman

*Attorney for Plaintiff Email on Acid, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of November, 2022, a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF MATTHEW T. MCLAUGHLIN** was filed and served via CM/ECF on Defendants' counsel of record.

Dated: November 9, 2022

By: *s/ Brett Schuman*
Brett Schuman

*Attorney for Plaintiff Email on Acid, LLC*